# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Eric Leon Christian,<br><br>　　　　　　　Plaintiff(s),<br><br>vs.<br><br>Jason Frierson,<br><br>　　　　　　　Defendant(s). | 2:24-cv-00527-APG-MDC<br><br>**Order** |

　　　　Pending before the Court is the plaintiff's application to proceed *in forma pauperis* ("IFP"). ECF No. 1. The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. Plaintiff has submitted the "Prisoner Form;" however, plaintiff has provided a non-prison address. If plaintiff is incarcerated, he must indicate which facility he is being held at and must also submit the necessary information along with his IFP. For an inmate to apply for in forma pauperis status, the inmate must submit all three of the following documents to the Court: (1) a completed Application to Proceed in Forma Pauperis for Inmate, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed Financial Certificate, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the inmate's prison or jail trust fund account statement for the previous six-month period. See 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2. If plaintiff is not incarcerated, he must submit an appropriate non-prisoner IFP application. The Court also notes that while plaintiff filed a civil cover sheet, he has not filed a complaint. As a plaintiff proceeding IFP, the Court must screen plaintiff's complaint if it determines that plaintiff may proceed IFP. Upon granting a request to proceed in forma pauperis, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). Plaintiff must file a complaint to proceed with his case.

　　　　Accordingly,

**IT IS ORDERED that:**

1. Plaintiff's IFP application (ECF No. 1) is DENIED WITHOUT PREJUDICE.

2. Plaintiff must either: (1) submit the appropriate IFP or (2) pay the full filing fee by **April 19, 2024.**

3. Plaintiff must file a complaint by **April 19, 2024.**

<u>**NOTICE**</u>

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 20th of March 2024.

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge