UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Eric Leon Christian,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Jason Frierson.,<br><br>　　　　　　Defendant(s). | 2:24-cv-00527-APG-MDC<br><br>**Report and Recommendation** |

　　　　Pending before the Court is *pro se* plaintiff Eric Leon Christian's *Motion to Request Judicial Notice* (ECF No. 6) and Application for Leave to Proceed *In Forma Pauperis* ("IFP") (ECF No. 7). However, the Court recommends dismissing plaintiff's case.

**DISCUSSION**

**I.　　BACKGROUND**

　　　　On March 15, 2024, plaintiff filed an IFP application (ECF No. 1). On March 21, 2024, the Court denied his IFP application without prejudice because the Court noted that although plaintiff had filed a prisoner IFP application, his address did not reflect that he was incarcerated. ECF No. 3. Further, the IFP was found to be incomplete. *Id.* The Court ordered plaintiff to either complete the prisoner IFP with all the required information or complete a non-prisoner IFP by April 19, 2024. *Id.* The Court also noted that plaintiff had no Complaint on file and ordered plaintiff to file a Complaint by April 19, 2024. *Id.* On April 12, 2024, plaintiff filed a *Motion to Request Judicial Notice* (ECF No. 6) and a new IFP application (ECF No. 7); however, plaintiff failed to file a Complaint by April 19, 2024, as directed by the Court's March 21, 2024, Order. On May 2, 2024, the Court again ordered plaintiff to file a Complaint and gave him two-weeks from the date of its Order. ECF No. 9. Plaintiff failed to file a Complaint by the May 16, 2024[1], deadline. For the reasons stated below, the Court recommends dismissing plaintiff's case.

---

[1] This date is two-weeks from May 2, 2024.

## II. RECOMMENDATIONS

### a. The Court Recommends Dismissal

The Court recommends dismissing plaintiff's case for two reasons. First, plaintiff failed to file a Complaint as ordered by the Court. ECF Nos. 3, 9. Second, plaintiff's *Ex-Parte Writ of Attachment* (ECF No. 1-2), if intended to be his Complaint, fails to state a claim upon which relief can be granted.

The Court recommends dismissing plaintiff for failing to comply with the Court's Orders. *See Bracho v. Bellagio Hotel and Casino*, 2019 WL 13473849, at *1 (D. Nev. April 9, 2019) (internal citations omitted). The Court gave plaintiff two opportunities to file his Complaint and plaintiff failed to comply, therefore, the Court finds that dismissal is warranted.

The Court also finds that dismissal is warranted for plaintiff's failure to state a claim upon which relief can be granted. First, even if the Court liberally construes plaintiff's *Ex-Parte Writ of Attachment* (ECF No. 1-2) as his Complaint, the Court finds that plaintiff fails to meet the *Iqbol* and *Twombly* standards of a pleading. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007) ("A document filed pro se is 'to be liberally construed.'"). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Plaintiff has not provided any information in his *Ex-parte Writ of Attachment* (ECF No. 1-2) that would defendant the notice required under Rule 8. *See Erickson*, 551 U.S. at 93 ("Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'") (internal citations omitted). Second, plaintiff names a person who is immune from the suit. As the United States Attorney for the District of Nevada, Jason Frierson is afforded immunity. *See Graham v. United States*, 1994 WL 750666, at *3 (C.D. Cal. Aug. 23, 1994) ("As counsel for the government, the United States Attorney is also immune from suit based on the absolute

immunity of attorneys for the government with respect to their official conduct representing the government in litigation.") (citing *Fry v. Melaragno*, 939 F.2d 832, 835-36 (9th Cir. 1991)). For these reasons, the Court recommends dismissal.

### b. Motion to Request for Judicial Notice

Pending before the Court is the plaintiff's *Motion to Request Judicial Notice* (ECF No. 6). The Court finds that plaintiff's request is without merit. The request fails to establish what plaintiff seeks the Court to notice. ECF No. 6. To the extent that plaintiff is seeking notice regarding some legal liability or fault of the United States Attorney for the District of Nevada, the United States Attorney is immune from the suit. *See Graham*, 1994 WL 750666, at *3. Therefore, the Court recommends denying the *Motion to Request Judicial Notice* (ECF No. 6).

### c. IFP Application

Because the Court is recommending dismissal of plaintiff's case, the Court recommends denying his IFP application (ECF No. 7) as moot.

ACCORDINGLY,

**IT IS RECOMMENDED** that:

1. The case be DISMISSED.

2. The *Motion to Request Judicial Notice* (ECF No. 6) be DENIED.

3. The IFP application (ECF No. 7) be DENIED AS MOOT.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 21st day of May 2024.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge